960 F.2d 148
 35 Fed. R. Evid. Serv. 1114
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William Francis STONE, Defendant-Appellant.
 No. 91-5412.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1992
Decided: April 27, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, District Judge. (CR-90-339-HM)
 Argued: Byron Leslie Warnken, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.
 Robert Mason Thomas, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 On Brief: Donald Daneman, DONALD DANEMAN, P.A., Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, W. Warren Hamel, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The issue in this appeal is whether the admission at trial of the grand jury testimony of a murdered government witness violated the Confrontation Clause. We hold that it did not and consequently affirm the conviction of defendant.
 
 I.
 
 2
 Defendant William Stone was indicted and subsequently convicted on two counts of federal firearms violations pursuant to 18 U.S.C. § 922: possession of a firearm by a convicted felon and sale of a firearm when the seller knew or had reasonable cause to believe that the purchaser was a convicted felon. 18 U.S.C. §§ 922(d)(1), (g)(1). In the investigation leading up to the indictment, the government was aided by a government informant, Julian Robert York. York, a convicted felon, purchased a semi-automatic handgun from Stone, who was also a convicted felon.
 
 
 3
 York testified before a grand jury regarding the gun purchase and the events leading up to it. Approximately one month before the scheduled trial date in this case, York was murdered. At the trial, the district court allowed York's grand jury testimony, with some redactions, to be admitted into evidence under the residual hearsay exception, Rule 804(b)(5) of the Federal Rules of Evidence.
 
 II.
 
 4
 Appellant contends that admission of York's grand jury testimony violated his rights under the Confrontation Clause. In cases involving statements made in the course of a prior judicial proceeding that are sought to be admitted under some exception to the hearsay rule, the Supreme Court has established a two-part test for ascertaining whether the requirements of the Confrontation Clause have been satisfied. First, the prosecution must either produce the declarant at trial or show that the declarant is unavailable. White v. Illinois, 112 S. Ct. 736, 741 (1992). Second, the statement is admissible"only if it bears adequate 'indicia of reliability.' " Ohio v. Roberts, 448 U.S. 56, 66 (1980); accord Idaho v. Wright, 110 S. Ct. 3139, 3146 (1990). In cases where the evidence does not fall within "a firmly rooted hearsay exception," the prosecution can establish the necessary indicia of reliability by making a "showing of particularized guarantees of trustworthiness." Id.
 
 
 5
 There is no question that York was unavailable to testify, and the recent opinion of this circuit in United States v. Ellis, 951 F.2d 580 (4th Cir. 1991), must govern our disposition here. Like Ellis, this case involves statements made by a witness who died before trial. As in Ellis, there are "particularized guarantees of trustworthiness" that permit use of the deceased witness' statements at trial. If anything, the case for admissibility is stronger here. Unlike in Ellis, York's testimony was given under oath, and it was transcribed verbatim. In addition, the government attorney explicitly informed York that he could be prosecuted for perjury if he lied to the grand jury. To rule this statement inadmissible would come close to establishing a per se rule that grand jury testimony from a deceased or murdered witness could never be used. Our precedent affords no room for such a result.
 
 III.
 
 6
 For the foregoing reasons, the judgment of the district court is
 
 
 7
 AFFIRMED.